■ PAUL KADLECIK, Respondent, v. ENDICOTT LODGE No. 1065 LOYAL ORDER OF MOOSE, Appellant.— Appeal (1) from a judgment of the Broome County Court, entered upon a directed verdict in favor of plaintiff, and (2) from an order denying defendant's motion to set aside the directed verdict. Defendant is a fraternal benefit organization and a local branch of the Supreme Lodge, Loyal Order of Moose. Plaintiff's complaint alleges that he sold groceries, meat and beverages to defendant totaling $6,400 and that partial payments had reduced the sum to $1,354.49. Defendant claims that the merchandise was not sold or delivered to it but to the Moose Club which it asserts is a completely separate entity. In May of each year, a governor, a junior governor, a secretary, a treasurer and a prelate are elected as officers of defendant and installed in office. These five officers automatically become members of a house committee of nine. The other four members are the retiring governor of defendant and three members in good standing of defendant designated by the governor. This house committee operates a bar and grill known as the Moose Club on defendant's premises. Whenever an applicant for admission to defendant has been accepted and initiated he becomes entitled to use the facilities of the Moose Club. Members of any local branch of the Supreme Lodge, Loyal Order of Moose and guests of members of defendant are also permitted to patronize the Moose Club. During the period the account was running, the proceeds of the bar and grill of the Moose Club were deposited in a club account. Checks were drawn against this account for payment of merchandise and salary of employees. Each check bore the signature of three officers of defendant under which was printed their titles, namely, governor, secretary and treasurer. When the club account reached a certain figure, the excess in such account was withdrawn and deposited in defendant's general account. Each year the books and financial affairs of defendant were audited by an auditor assigned by the Supreme Lodge and such audit included the account of plaintiff. Thus it is clear that the operation of the Moose Club was actually under the auspices of defendant under circumstances that would charge defendant with liability for the merchandise delivered by plaintiff for use in the bar and grill. The Trial Judge correctly directed judgment for plaintiff. Judgment and order unanimously affirmed, with costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.